UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MALIBU MEDIA LLC,

                         Plaintiff,                              Case No. 13-cv-13482

v                                             Honorable Thomas L. Ludington

JOHN DOE subscriber assigned IP address
107.5.44.126,

                         Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO PROCEED ANONYMOUSLY**

On August 14, 2013, Plaintiff Malibu Media, LLC filed a complaint alleging that the internet subscriber assigned IP address 107.5.44.126 ("John Doe") illegally downloaded twenty films, thereby infringing Malibu Media's copyrights in those films. ECF No. 1.

On August 22, 2013, the Court granted Malibu Media's motion for leave to file a third party subpoena on John Doe's Internet Service Provider (ECF No. 2) because John Doe's identity needed to be ascertained before the suit could progress. ECF No. 6 at 2.

On September 23, 2013, John Doe filed an unopposed motion for leave to proceed anonymously through the close of discovery and dispositive motions. ECF No. 7. Because John Doe has set forth compelling reasons that justify his request to proceed anonymously, the Court grants John Doe's motion.

**I**

The Sixth Circuit has explained that there is a "presumptive right" of public access to court records, which permits inspection and copying. *In re Knoxville News-Sentinel Co., Inc.*,

723 F.2d 470, 474 (6th Cir. 1983). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Id*. at 476.

The public right of access is not, however, absolute. *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1179 (6th Cir. 1983). A court has authority to fashion protective orders that limit access to certain court documents. Federal Rule of Civil Procedure 26 states that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The moving party must articulate specific facts showing "clearly defined and serious injury" resulting from the discovery sought. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *United States v. Currency $203,533.91 from JP Morgan Chase Bank Account No. 740713490*, 2012 WL 666486, at *2 (E.D. Mich. Feb. 29, 2012) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

John Doe argues that the allegation of illegally downloading pornography would be highly prejudicial, turning "a defendant with meritorious defenses into an immediate loser, simply by virtue of being linked to what many might consider to be sexually deviant behavior." ECF No. 7 at 6. To mitigate this potential harm, John Doe requests permission to proceed anonymously. *Id*. at 7. Malibu Media does not oppose John Doe's request.

John Doe's arguments are persuasive, and the Court will grant his motion to proceed anonymously during the discovery phrase and through dispositive motions. This course of action will permit John Doe to proceed anonymously to address his contentions that Malibu Media is

simply mistaken before his identity is disclosed. Likewise, Malibu Media will not be prejudiced because it will know John Doe's true identity.

**II**

Accordingly, it is **ORDERED** that John Doe's motion for leave to proceed anonymously (ECF No. 7) is **GRANTED**. John Doe may proceed anonymously through discovery and dispositive motions.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 2, 2013

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 2, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS
